FILED

JUN 29 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO ENRIQUE MEDINA-HERRERA, | No. 13-72991 |
| Petitioner, | Agency No. A072-991-704 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Julio Enrique Medina-Herrera, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to reconsider and to reopen proceedings conducted in absentia.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of discretion the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denial of a motion to reconsider and reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Medina-Herrera's motion to reconsider, where the motion failed to allege any error of law or fact in the BIA's prior order denying his earlier motion to reopen, *see* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority."), and was based solely on new legal arguments that could have been raised in his previous motion, *see Mohammed*, 400 F.3d at 792 n. 8 ("a motion to reconsider does not present new law or facts, but rather challenges determinations of law and fact made by the BIA").

Contrary to Medina-Herrera's contention, the BIA did not err in concluding that the immigration judge properly assumed jurisdiction over Medina-Herrera's in absentia deportation proceedings. *See* 8 C.F.R. § 3.14(a) (1994) ("Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Office of the Immigration Judge by the Service.").

Medina-Herrera failed to exhaust his contentions that he did not receive proper notice of his hearing and that his in absentia deportation order was defective

13-72991

because it referred to a hearing on the merits rather than a master calendar hearing. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

In his opening brief, Medina-Herrera fails to raise, and therefore has waived, any challenge to the BIA's denial of his motion to reopen to apply for new relief as untimely. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (a petitioner waives a contention by failing to raise it in the opening brief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**